**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**SEAN REILLY,**

      **Plaintiff,**

**vs.**                             **Case No. 4:10cv313-WS/WCS**

**JENNIFER DAVIS,**

      **Defendant.**

_____/


### REPORT AND RECOMMENDATION

Plaintiff, who was an inmate at the time of case initiation but who has been released, *see* doc. 4, has filed an amended civil rights complaint. Doc. 9. Plaintiff is proceeding *pro se* and was granted leave to proceed *in forma pauperis.* Docs. 3, 6. Now that Plaintiff has been released from jail, he should be required to submit a supplemental *in forma pauperis* motion to demonstrate his continued entitlement to *in forma pauperis* status. If this report and recommendation is adopted, there is no need to do so. If the recommendation is rejected, Plaintiff should be provided the appropriate financial affidavit which he should be directed to return to continue this litigation with *in forma pauperis* status.

Plaintiff alleges that on January 19, 2007, an injunction against him was issued. He indicates that three Defendants were responsible for the injunction: Jennifer Davis (an Identification Technician with the Florida Department of Law Enforcement), Eric Abrahamsen (assistant state attorney), and Chris Del Marco (an attorney who represented Defendant Davis). Doc. 9, p. 7. Plaintiff contends his due process rights were violated "because there was no hearing to test the validity of the injunction or to modify the injunction so that all public places would be removed from the injunction." *Id.* He contends the injunction infringed his freedom of movement and freedom of association or expression because he was restricted from being within 500 feet of ten or more nightclubs and bars in this community, as well as Florida State University, where Plaintiff states he was employed at the time. *Id.* Plaintiff was arrested for violating the allegedly unconstitutional injunction on February 6 or 7, 2007, while at a public bar. *Id.* Plaintiff was also "forced to resign from his position at Florida State University because he was continuously being threatened by staff and police that he would be arrested if he came to work because he could be in violation of this injunction." *Id.*, at 7-8.

Plaintiff claims a Fourth Amendment violation stemming from his arrest, and also asserts a due process violation because he was "never afforded an opportunity to go in front of a judge to argue the validity of the injunction or to remove the public places of the injunction before making the injunction permanent." *Id.*, at 8. Plaintiff contends his incarceration deprived him of his liberty, and since the injunction "infringed on [his] freedom of movement, [he] was forced to move out of Tallahassee in order to live a life of liberty and not continue to be arrested for going to public properties." *Id.* Plaintiff states he was "charged with violation of repeat violence injunction, he was convicted on

November 2, 2007, and has since filed a petition for writ of habeas corpus to vacate the conviction as the public places were too overbroad or overreaching to be listed on the injunction restricting Plaintiff's constitutionally protected behavior." *Id.*, at 8.

Plaintiff alleges Defendant Reynolds, the state court judge who issued the injunction, "abused his authority or discretion by allowing a moving party to egregiously infringe on the rights' of opposing party for no legitimate purpose." *Id.*, at 8. Plaintiff advises that the injunction is "currently still active and in full force and effect." *Id.*, at 9. Plaintiff states that he has also filed a "request for a writ of mandamus to remove all public properties, i.e. bars/nightclubs off of the injunction." *Id.* As relief in this case, Plaintiff seeks injunctive relief "to protect" him from "future attacks" and he seeks compensatory and punitive damages as well. Doc. 9, p. 10.

Under the *Rooker-Feldman* doctrine, this Court is prohibited from reviewing state court final judgments as that is a task reserved to state appellate courts or, as a last resort, in the United States Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see* Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). "Federal district courts . . .are empowered to exercise original, not appellate, jurisdiction." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283, 125 S.Ct. 1517, 1521 (2005). Plaintiff's constitutional claims in this case challenge the lawfulness of a state court injunction, a final order in state court. Plaintiff lost in state court, and this court cannot review that loss. His claims, necessarily, are "inextricably intertwined" with the judgment of the state court that both entered the injunction, and convicted Plaintiff of violating the injunction.

It is true that the doctrine does not apply "where a party did not have a 'reasonable opportunity to raise his federal claim in state proceedings.' " Casale v. Tillman, 558 F.3d at 1260, *quoting* Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (internal quotation marks omitted).  Plaintiff has alleged in the amended complaint that he "was never afforded an opportunity to go in front of a judge to argue the validity of the injunction or to remove the public places of the injunction before making the injunction permanent."  Doc. 9, p. 8.  Judicial notice is taken that the statement is not true.  Court records of the Leon County Courthouse are public records and available online.  Those records reveal that the injunction about which Plaintiff complains was entered on January 19, 2007.  In case 2007 DR 0153, petitioner Jennifer Davis filed a petition for injunction for protection against repeat violence on January 19, 2007.  A temporary injunction was issued that same day and a hearing was noticed.  After several rescheduled hearings, Plaintiff had a hearing on April 12, 2007.  The docket for the state court reveals Plaintiff was present with his attorney, Paul Villenueve, and Jennifer Davis (who is Defendant in this case, but was the petitioner in state court) was represented by attorney Chris Delmarco.  A final injunction was entered against Plaintiff on April 12, 2007.  Plaintiff was, thus, afforded an opportunity to argue to be heard.

Furthermore, Plaintiff filed a motion to dissolve the injunction on December 14, 2007.  The motion was denied on January 28, 2008.  Again, on July 27, 2009, Plaintiff filed another motion to dissolve the injunction.  That motion was denied as well, after a hearing held on August 10, 2009, where the petitioner was present, and Plaintiff was "present by phone."  Thereafter, Plaintiff filed a motion to modify the injunction on August 21, 2009.  Similarly, a hearing was held on October 26, 2009, where petition

was present, and Plaintiff was "present by phone," and the motion for modification was denied. Plaintiff was advised that he could refile the motion to modify when he was released from jail and "off community control." Thereafter, Plaintiff filed another motion to modify the injunction to remove the public property portion of the injunction in June, 2010. That motion appears to still be pending.

Since Plaintiff had a full opportunity to present evidence and argument in state court, the *Rooker-Feldman* doctrine applies. As stated in <u>Exxon Mobil Corp.</u> while explaining the narrow reach of the doctrine, the Court said, "The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284, 125 S.Ct. at 1521-22. That is precisely the situation here. Plaintiff lost in having the injunction dismissed, and claims injury from the validity of that injunction. Plaintiff invites this Court to overturn the injunction and review the merits of the injunction as to his constitutional challenge, an invitation this Court cannot except. This Court lacks subject matter jurisdiction to review that injunction and Plaintiff's avenue of relief is in the state courts of Florida.

That being said, if the true state of affairs is that the injunction is not final because review is pending in the state court, the *Rooker-Feldman* doctrine is not applicable. Notably, the state court docket discloses that Plaintiff is pursuing relief to have the state court dissolve or modify the injunction. Furthermore, Plaintiff alleged in the amended complaint, doc. 9, that he is currently pursuing a writ of mandamus to

overturn the injunction.  If the order being challenged is under review in state court, then this Court should instead abstain from reviewing the order and its constitutionality under the *Younger* abstention doctrine.

The federal courts, by virtue of 28 U.S.C. § 2283, generally lack the power to enjoin pending state court proceedings, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Independent of the statutory limitation on the federal injunctive power, considerations of federalism and comity have led to the development of an "abstention doctrine" that counsels against federal interference with pending state court proceedings.  Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).[1]

Under Younger, this Court should abstain from intervention and review of the merits of this case.  Plaintiff has an avenue before him where he may adequately challenge the constitutionality of the injunction.  This Court may not enjoin those state court proceedings.

---

[1] In Younger, the United States Supreme Court held that an ongoing state criminal proceeding may not be enjoined "except under special circumstances."  *Id.* at 41, 91 S. Ct. at 749.  Although Younger applied explicitly only to state criminal proceedings, the Supreme Court has expanded the applicability of the Younger doctrine to some civil proceedings as well.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (state proceeding to enforce a nuisance statute); Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (judicial contempt proceeding); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil action for return of welfare payments to state agency); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371 (1979) (state child custody proceeding).

Finally, Plaintiff's challenge to the constitutionality of the injunction cannot be decided in this court because Plaintiff was convicted of a crime for violating the injunction. Plaintiff acknowledges his conviction has not been overturned.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a civil rights action under § 1983 that necessarily calls into question the validity of a conviction or sentence could not accrue until the plaintiff could demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid. Heck, at 487, 114 S.Ct. at 2372. This has been referred to as the "favorable termination" requirement. See Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998). Here, Plaintiff cannot demonstrate the favorable termination requirement because Plaintiff acknowledges he was convicted of violating the injunction on November 2, 2007. Doc. 9, p. 8. Plaintiff currently has a habeas petition pending which challenges that conviction on the constitutional grounds that "the public places were too overbroad or overreaching . . . restricting Plaintiff's constitutionally protected behavior." Id. Plaintiff's challenge to the constitutionality of the injunction is a collateral attack on the validity of the conviction. This Court cannot grant relief in a § 1983 civil rights action that would undermine Plaintiff's conviction. Indeed, Plaintiff has several § 2254 petitions pending in this court. Case No. 4:09cv442-SPM/WCS; case no. 4:10cv310-SPM.

Finally, dismissal is warranted because Defendant Reynolds is protected by absolute immunity from Plaintiff's claim for damages. When a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under § 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435

U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  Under the Stump

v. Sparkman test for determining judicial immunity, the court must consider "whether the

judge dealt with the plaintiff in a judicial capacity" and "whether the judge acted in the

'clear absence of all jurisdiction.' " Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th

Cir. 1996), *citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); In this

case, Defendant Reynolds was acting in his judicial capacity and he clearly had

jurisdiction over the Plaintiff.  Therefore, because Judge Reynolds' conduct satisfies

both prongs of the Stump test for judicial immunity, the claims against him must be

dismissed.

In the Additionally, Assistant State Attorney Abrahamsen is also protected by absolute

immunity.  The law is clear that prosecutors are absolutely immune from suit under the

civil rights statutes for their actions which are "intimately associated with the judicial

phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984,

994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir.

1980).  Such actions include "initiating a prosecution and in presenting the State's

case." Imbler, 424 U.S. at 431, 96 S. Ct. at 995.  Thus, Plaintiff cannot pursue his claim

against Defendant Abrahamsen either as prosecutors are immune from § 1983 suits.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

amended complaint, doc. 9, be **DISMISSED** for lack of subject matter jurisdiction as

established by the *Rooker-Feldman* doctrine, or in the alternative, because this Court

should abstain under the *Younger* doctrine, and because Defendants Defendants

Abrahamsen and Reynolds have immunity from § 1983 claims for damages, and for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff's claim is barred by <u>Heck v. Humphrey</u>.

**IN CHAMBERS** at Tallahassee, Florida, on August 26, 2010.


      s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**