# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SEAN REILLY,**

    **Plaintiff,**

**vs.**                                **Case No. 4:10cv313-WS/CAS**

**JENNIFER DAVIS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This case was dismissed on September 28, 2010, for lack of subject matter jurisdiction and because the Plaintiff's amended complaint failed to state a claim. ECF No. 12. Nearly eight years later, Plaintiff has filed a motion to correct the judgment. ECF No. 14. The basis for Plaintiff's motion is that the dismissal of this case has been counted "as a 'strike' against him" pursuant to 28 U.S.C. § 1915(g). ECF No. 14 at 1. Plaintiff argues that his case "was filed in the wrong court" as the named Defendant was not a state actor and could not be sued under 42 U.S.C. § 1983. ECF No. 14 at 2. Thus, he argues this case should have been dismissed "without prejudice" so he could have filed his case in state court. *Id.*

A Report and Recommendation was entered by United States Magistrate Judge William Sherrill, ECF No. 10 of this case, finding that Plaintiff's claims were barred by the Rooker-Feldman doctrine, by <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  It was recommended that the case be dismissed for lack of subject matter jurisdiction or, in the alternative, because the complaint failed to state a claim and was barred by <u>Heck</u>.  ECF No. 10 at 8-9.  The Order of Dismissal entered by Senior United States District Judge William Stafford, ECF No. 12, adopted the Report and Recommendation and dismissed the case "for lack of subject matter jurisdiction and for failure to state a claim." The Order did not specifically state that the case was dismissed "with prejudice."  *Id.*

Plaintiff's motion to correct judgment is deemed to be filed under Federal Rule of Civil Procedure 60(b).  Such a motion "must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Reasons 2 and 3 are for "newly discovered evidence" or fraud.  Fed. R. Civ. P. 60(b)(2),(3).  Those are not applicable. Plaintiff's claim is that the Court should not have dismissed this case with

prejudice. ECF No. 14 at 2. He contends the "Court abused its discretion" and the dismissal should not be counted as a strike. Such a motion is the equivalent of a Rule 60(b)(1) motion which "permits relief from a final judgment where the movant shows 'mistake, inadvertence, surprise, or excusable neglect.'" Fed. R. Civ. P. 60(b)(1) (quoted in Brown v. Wal-Mart Stores E., LP, No. 1:16-CV-111-WSD, 2017 WL 3608186, at *2 (N.D. Ga. Aug. 22, 2017)). "Rule 60(b)(1) covers 'mistakes of fact as well as mistakes of law.'" McCall v. Whisky, No. 3:13-cv-79, 2014 WL 12524655, at *1 (N.D. Ga. Apr. 10, 2014) (quoted in Brown, 2017 WL 3608186, at *2).

First, a Rule 60(b)(1) motion must be presented within one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Plaintiff's motion has been filed seven years too late and should be denied.[1]

Second, the basis for Plaintiff's motion is his desire to have the dismissal of this case declared as "without prejudice" either so he can file his case in state court or not have it count as a strike under 28 U.S.C. § 1915(g). ECF No. 14. That goal cannot be accomplished for two

---

[1] It is noted that although Plaintiff's copy of the Report and Recommendation, ECF No. 10, was returned to the Court as undeliverable, ECF No. 11, there is no mail return for Plaintiff concerning the Order of Dismissal, ECF No. 12, or the Judgment, ECF No. 13. Thus, it is presumed that Plaintiff received those documents.

Case No. 4:10cv313-WS/CAS

reasons.  First, the statute of limitations for a civil rights action filed in Florida courts is four years.  His claims were *dismissed* eight years ago and are barred.

Second, cases that are dismissed for failure to state a claim are counted as "strikes" for purposes of § 1915(g) regardless of whether the dismissal was with or without prejudice.  Eleventh Circuit precedent holds that dismissals for failure to state a claim may be counted as strikes under § 1915(g) without identifying whether the dismissal was with or without prejudice.  See Dickson v. United States, No. 5:16cv215/MCR/CJK, 2017 WL 6048170, at *2 (N.D. Fla. Nov. 6, 2017), report and recommendation adopted, No. 5:16cv215/MCR/CJK, 2017 WL 6045441 (N.D. Fla. Dec. 6, 2017); Logan v. Chestnut, No. 3:08-CV-993-J-12JRK, 2011 WL 1419647, at *1 (M.D. Fla. Apr. 13, 2011) (noting Eleventh Circuit cases which "determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes.").  Accordingly, it matters not whether the case was dismissed with or without prejudice.  What matters for purposes

of 28 U.S.C. § 1915(g) is that the case was dismissed for failure to state a claim. Because this case was so dismissed, it is a strike.[2]

For all the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's motion to correct judgment, ECF No. 14, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 15, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] Moreover, the Report and Recommendation entered in case number 4:11cv330 explained that even without *this* case, Plaintiff still had three other cases which count as strikes under 28 U.S.C. § 1915(g). *See* ECF No. 4 of that case. That Report and Recommendation was adopted, ECF No. 7, on August 10, 2011. Plaintiff's argument in this case that he just "learned on May 29, 2018," that this "action was being used as a 'strike' against him" is incorrect. ECF No. 14 at 1. He was made aware of that fact seven years earlier in case number 4:11cv303.

Case No. 4:10cv313-WS/CAS